**PAYER, Plaintiff-Appellant, v. BLACK et, Defendants-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21611. Decided March 27, 1950.

Payer, Bleiweiss, Crew & Mollison, Cleveland, for plaintiff-appellant.

C. W. Fowerbaugh, Cleveland, for defendant-appellee.

## OPINION

By McNAMEE, J.

We are of the opinion that the successor trustee was without authority to sell the property absent the approval of the Probate Court for the following reasons:

1. Sec. 10509-227 GC, in effect at the time of sale, permitted executors and administrators, when so authorized by will or devise, to sell property without an order of court. The 1947 amendment to this section, which extended such permissive right to sell to a testamentary trustee, cannot be given retroactive effect. The presumption is that every amendment to a statute is made to effect some purpose. 37 O. Jur., 768, Sec. 438. The manifest purpose of the amendment to §10509-227 GC, was to confer upon testamentary trustees powers not theretofore possessed by them.

2. The power of sale granted to the trustees and successor trustee designated in the settlor's will, contemplated a con-

version of the property into money and a distribution of the proceeds, share and share alike, amongst the children of the settlor. The power of sale granted to such designated trustees and successor trustee was conditioned upon a request of the majority of the living children of the settlor. Manifestly the settlor did not envision or intend to provide for the sale of the property at the election of the last surviving child acting as court appointed successor trustee under circumstances where said successor trustee was the owner of several fractional beneficial interests in the property. The conditional power of sale granted to the trustees and successor trustee named in the will, was not transmitted to the last surviving child as successor trustee.

Accordingly a decree will be entered for the plaintiff. Order see journal.

SKEEL, PJ, HURD, J, concur.